[PHILADELPHIA, APRIL 15TH, 1839.]

## ELMSLIE and Another *against* The DELAWARE and SCHUYLKILL CANAL COMPANY.

#### IN EQUITY.

1. This Court will not, except in very peculiar circumstances, suspend the progress of a public work by granting an injunction, before the coming in of the answer.

2. By an act of assembly, authorising the incorporation of a company to make a canal between the rivers Delaware and Schuylkill, the president and managers were authorised to enter upon all the land lying between the two rivers, and to lay out and survey the route of the canal, and to buy so much land along the track or route of the canal and adjoining thereto as should be necessary for the proper construction of the canal, &c.; and it was further provided, that on the application to the District Court for the city and county of Philadelphia, of any person who should be injured by or receive damage from the works of the company or by reason of the making of the canal, that Court should appoint suitable persons to assess the damage sustained, on whose report judgment should be entered and execution, on motion, issued, &c. By another section of the act, it was declared that, before the company should enter upon any land or other property for the purpose of constructing the canal, &c., they should pay such damages as might be agreed upon or give security for the same, to be approved by the District Court, &c. This section was afterwards repealed. On a bill filed by the owner of land through which the company were constructing the canal, the Court refused to grant an injunction till answer.

AN application was made to this Court by Alexander Elmslie and Michael Newbold, trustees of Esther Newbold, &c. for an injunction to restrain the President, Managers and Company of the Delaware and Schuylkill Canal, their officers and agents, from proceeding to lay out and construct the canal and other works, through the land of the complainants; upon the following circumstances.

By an act of Assemby passed on the 12th of April, 1828, the governor was authorised to grant letters-patent of incorporation to a company established for the purpose of making a canal and lock navigation between the rivers Delaware and Schuylkill, through the southern section of Philadelphia County. The usual corporate powers and authorities were conferred upon the company. The 6th section of the act was in the following words:

" Section 6. And be it further enacted by the authority aforesaid, That the president and managers shall have full power and authority to appoint all officers necessary to supply vacancies, occasioned by death, resignation or otherwise, and also to appoint one or more

(Elmslie *v.* The Delaware and Schuylkill Canal Co.)

superintendents of the works to be undertaken by them, and to hire and employ all such engineers, artists, workmen and labourers, to enter into all and singular the land and lands lying between the rivers Delaware and Schuylkill in the county of Philadelphia, south of the said city, and to lay out and survey such routes or tracks as may be most practicable for effecting a navigable canal between the said rivers Delaware and Schuylkill by means of locks and all other needful devices, doing nevertheless as little damage as possible to the grounds and other enclosures in and over which they shall pass; and if in the opinion of the President and Managers of the said Delaware and Schuylkill Canal Company the introduction of any different mode or device or any improvement hitherto adopted or such as may hereafter be invented in the system of internal navigation, will be beneficial, it shall be lawful for them to make use of and employ the same from time to time; and as well for such purposes as for the necessary prosecution of the same, the said president and managers and their engineers, workmen and labourers, to enter into and upon all and singular the land and lands intended or supposed to be the proper route for canal and lock navigation, and shall have the power to buy so much land along the track or route of the canal and adjoining thereto, and tenements, waters, water-courses and all other real hereditaments as shall be necessary for the proper construction of said canal and other works necessary thereto; and on the application to the District Court for the City and County of Philadelphia of any person, or persons, or of the executors, administrators or other legal representatives of any person or persons who shall be injured by or receive damage from the works of said company, or by reason of the making of said canal, it shall be the duty of the said court at the election of the party making such application, to appoint five judicious freeholders of any neighbouring county, or award a *venire* directed to the sheriff of any adjoining county to summon a jury of disinterested men from said adjoining county, whose duty it shall be to view the premises, to ascertain and report to the said court what damages, if any, have been sustained by such person or persons or those whom they represent, by reason of the said canal or other works; which report being confirmed by the court, judgment shall be entered thereon and execution, on motion, shall be issued in case of non-payment of the money awarded, with reasonable costs to be assessed by the court; and it shall be the duty of the freeholders or jury, as the case may be, in valuing any lands, tenements or hereditaments, or making an assessment of damages for all other injuries or damages sustained, to take into consideration the advantage derived to the owner or owners of the premises from the said canal or navigation passing through the same: *Provided,* that in order to procure the location and construction of the canal in this act authorised, in such manner in all respects as shall be best calculated to promote and secure the public interests and the exten-

sion of the great system of internal improvement, the company hereby incorporated shall not commence the construction of the canal until the location, dimensions and plan thereof shall have been approved of by the board of Pennsylvania canal commissioners; and the said board are hereby authorised, if at any time they shall deem it necessary, to employ one or more able and skilful engineers to assist them therein."

The 16th section was as follows:

"Section 16. And be it further enacted by the authority aforesaid, That before the company shall enter upon the land or other property owned or occupied by any individual or individuals for the purpose of constructing said canal or works connected therewith, they shall pay such damages as may be agreed upon, or give security for the same, to be approved of by the District Court of the City and County of Philadelphia."

By an act passed on the 17th of March, 1836, the last mentioned section was repealed.

The bill filed by the complainants in this cause, after setting out their title to a certain messuage and lot or piece of land situate in Passyunk township in the county of Philadelphia, containing twelve acres and a half and thirty perches, and stating the act of assembly for the incorporation of the Delaware and Schuylkill Canal Company, averred that the said company by their officers and agents had entered upon the premises belonging to the complainants, lying between the said rivers, west of Broad-street, and had surveyed and laid out a route or routes for the said canal, and had commenced cutting the canal through their land, without their consent and without making compensation, &c. The bill then charged that the defendants had not power to make the canal until they should have bought so much land as should be necessary, and were not authorised to commence the canal until the location, dimensions and plan should have been approved by the canal commissioners, which the complainants had never procured to be done. The bill also charged that the company are not, and will not, when the canal shall be constructed, be able to pay the damages which the complainants will sustain, &c. The bill then prayed a subpœna and an injunction to restrain the defendants, their officers, agents, &c. from proceeding to lay out or make the said canal through the land of the complainants, &c.

Application having been made for an injunction, the Court directed notice to be given to the defendants to appear on the next motion-day. Accordingly on this day, Mr. *F. W. Hubbell,* (with whom was Mr. *T. I. Wharton,*) for the defendants, produced affidavits showing the approval of the location, dimensions and plan of the canal by

(Elmslie v. The Delaware and Schuylkill Canal Co.)

the canal commissioners, and denying the allegations in the bill respecting the ability of the company to pay the damages which the complainants and other owners of land might sustain by reason of the opening of the canal, &c.

Mr. *Price* and Mr. *Meredith*, in support of the motion for an injunction, cited the case of *The Charles River Bridge*, (11 *Peters*, 544.) *Bradshaw* v. *Rogers*, (20 *Johns.* 106.) *Bonaparte* v. *The Camden and Amboy Rail-Road Co.*, (1 *Baldwin*, 227.) *Gardner* v. *Newburgh*, (2 *Johns. Chan. Rep.* 162.) *Agar* v. *Regent's Canal*, (*Cooper's Ch. Cas.* 77.)   2 *Dow. P. R.* 521.   1 *Swanst.* 250.

Mr. *F. W. Hubbell, contra*, was stopped.

PER CURIAM.—We will not, except in very peculiar circumstances, suspend the progress of a public work by injunction before the coming in of the answer. To enjoin till further order as a matter of course at the filing of the bill, would put the public, and every corporation like the present, at the mercy of every proprietor, according to the dictates of his interest or caprice, and enable him, by the process of the Court, to make what terms he pleased. There is no peculiar hardship here. Ample means of compensation are provided, by the sixth section of the act of incorporation, for those in any wise injured by the work; and though it was declared in the sixteenth section, that the damages should be paid or secured before entry made, that section has been repealed: and in this, there was nothing repugnant to the constitution at the time. It is sufficient to say, that it does not at present appear that the complainants' constitutional rights have been violated.

Motion refused.